**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT L. CHAPMAN,<br><br>Plaintiff,<br><br>v.<br><br>BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS ET AL.,<br><br>Defendants. | * * * * * * | Civil No. 26-4309-BAH |

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Robert L. Chapman ("Plaintiff") filed the above-captioned complaint pro se on October 14, 2026, bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). ECF 1. After his motion to proceed in forma pauperis was denied, ECF 8, Plaintiff paid the filing fee on November 18, 2026. Since filing his complaint, Plaintiff has filed three "supplements" to the complaint. *See* ECF 4; ECF 7; ECF 9. Two of the supplements contain various documents that purportedly support Plaintiff's claim, *see* ECF 4; ECF 9, and one supplement is styled as a new complaint altogether, *see* ECF 7. Taken together, these filings contain over 100 pages worth of claims and supporting documents, with two different purported complaints and two supplements containing documentation that is not clearly referenced in the complaints.

The Court has reviewed the filings and, because it is unclear what Plaintiff intends to be the operative complaint or how the supplements interact with the complaint, the Court will direct Plaintiff to file an amended complaint. The amended complaint must be a single document listing each defendant Plaintiff seeks to sue and explaining how each of their actions constitutes a

violation of Title VII or ADEA, and attaching and referencing any supporting documentation as appropriate. *See Brown v. Widmayer*, Civ. No. BAH-26-1578, 2026 WL 1683901, at *1 (D. Md. June 10, 2026) (directing pro se plaintiff to consolidate complaint and supplements into single amended complaint); *see also* 28 U.S.C. ¶ 1915(e)(2)(B) (requiring Court to conduct an initial screening of a complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.)

The Court reminds Plaintiff that in filing an amended complaint, although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. Further, a pleading which sets forth a claim for relief (like a civil complaint) shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

Fed. R. Civ. P. 8(a). Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at

555). Finally, the Court reminds Plaintiff that under this Court's Local Rules, complaints are limited to forty (40) pages in length. Loc. R. 103.1(d) (D. Md. 2025); *see also Fisher v. PGCPS Bd. of Educ.*, Civ. No. BAH-23-1693, 2024 WL 98958, at *2 (D. Md. Mar. 6, 2024).

Plaintiff's amended complaint will replace all previous complaints and supplements filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint required by this order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Accordingly, it is this 19th day of November, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff is DIRECTED to file an amended complaint within twenty-one (21) days of this Order, by December 10, 2026;
2. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice; and
3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge